## Case No. 2,125.

BULLET v. BANK OF PENNSYLVANIA.

[2 Wash. C. C. 172.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

BILLS AND NOTES—MUTILATED BANK NOTE—RIGHT OF HOLDER—EVIDENCE—PROOF OF CONTENTS.

1. If a bank note is divided, and one half of it is lost, the bona fide holder of the half which is produced, is entitled to payment of its amount, on proving the loss of the other part, or accounting for the mutilated appearance of that which is produced.

[Followed in Martin v. Bank of U. S., Case No. 9,156.]

[See Armat v. Union Bank of Georgetown, Case No. 535; City Bank of Columbus v. Farmers' and Planters' Bank of Baltimore, Id. 2,738.]

2. Upon the general principles of law, a man does not lose his right to real or personal property, or to choses in action, by losing the evidence of it.

3. Such loss may be supplied by parol evidence of the contents of the paper, if it be the best evidence the nature of the case will admit.

4. The payor of an instrument which passes by delivery, and which is alleged to be lost, may require the claimant to account for its loss, or if it be mutilated, to account for the same, and to prove that he came fairly into possession of it.

5. The holder of the part which was lost, or stolen, and which may afterwards be found, takes it from the finder or the robber, subject to every defence which could have been legally made against the finder or robber.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[At law. Action by C. & T. Bullet against the Bank of Pennsylvania to recover upon a bank note. Judgment for plaintiff.]

Case agreed. "The plaintiffs being bona fide, and for a valuable consideration, possessed of certain notes issued by this bank, and having occasion to remit money to Baltimore, cut them in halves, and in February, 1806, enclosed the half parts of said notes to their correspondent in Baltimore, which were duly received. Shortly after, they enclosed the remaining half parts, in a letter, to the same person; which letter, with the enclosures, was carefully deposited in the post office at Louisville in Kentucky; but the same, with the enclosures, have never come to the hands of the person to whom it was directed; nor has it, or the said half parts of the notes, been since heard of by the plaintiffs. The plaintiffs offer to the defendants ample and satisfactory security, to indemnify them against all claims, loss, or injury, which may happen on account of the said half parts of the said notes. Question, if the defendants are bound to pay the whole, or what part of the said notes?"

Mr. Hopkinson, for plaintiffs, contended that the defendants were once indebted to the plaintiffs, in the full amount of these notes; and though one-half is lost, yet evidence may be given of the loss, and the plaintiff is entitled to recover on such proof, as well as if he had the notes to produce. Even a profert may be dispensed with, if the action states the loss of the deed, and the evidence supports the allegation. Marius on Bills, 67, states, that if the bill be lost, the payee must proceed regularly to protest, which could only be required on the ground, that on proving the loss, he might recover against the acceptor or drawer.

Mr. Ingersoll, for defendants, answered, that were the defendants to pay the whole, on the evidence of the half parts, which are produced, they might be made liable to pay the other half, whenever the other parts appear.

WASHINGTON, Circuit Justice. In this case, it is the opinion of the court, that the plaintiffs are entitled to recover of the defendants, the full amount of the bank notes. The important facts, agreed by the parties, are, that the plaintiffs were, at the time they divided the bank notes in question, possessed of them, bona fide, and for a valuable consideration; that they enclosed the half parts in a letter to their correspondent, which came safe to hand, and are now in the custody of the plaintiffs; that the remaining half parts were subsequently enclosed in a letter to the same correspondent, and the letter, with such enclosure, put into the post-office; but that the same never came to the hands of the person to whom it was directed; nor has the said letter, or the said half parts of the notes enclosed therein, been since heard of by the plaintiffs. Upon the general principles of law, a man does not lose his right, either to real or personal property, or to a chose in action, by losing the evidences of it. Such loss may be supplied by parol evidence, if sufficient to prove the loss, and the contents of the paper; and provided such evidence be the best which the nature of the case will admit. This rule does not, in general, apply to bank notes, or to other instruments which pass by delivery only; for, in such case, the payor might be twice charged, were he to be made liable to any person but the one who produces the note or instrument. This, however, being the only reason for the exception, it is to be seen whether it is applicable to a case like the present. When the half of a bank note is presented for payment, the payor may, very properly, require the holder to account for the mutilated state of the note, and to prove that he came fairly to the possession of it. If the latter has it in his power to satisfy the former that he was the fair bona fide holder of the entire note, and that during such possession, he divided it into two parts, the production of one of the parts would establish his right to the full amount of the note; because, in such case, it could not happen that any third person could fairly acquire the possession of the other half part; for if he took it in a course of trade, and for a valuable consideration, still, he would take it with notice, that the right to the money might be in the possessor of the other half; and would, consequently, be bound by every defence, which could legally be made against the finder or robber. Such person takes the half part of the note, not on the credit of the payor, but of the person from whom he received it. Judgment for plaintiff for the full amount of the notes.